**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SIDNEY PRENY,** | : | |
| **Plaintiff** | : | |
| | : | **Civil No. 05-0500** |
| **v.** | : | **Electronically Filed** |
| | : | |
| **UNITED STATES POSTAL SERVICE,** | : | |
| **Defendant** | : | |

**MEMORANDUM OPINION**

**August 4, 2005**

**I.       Introduction**

This is a personal injury action in which *pro se* plaintiff, Sidney Preny ("Preny") alleges that defendant, the United States of America, is liable to him for injuries caused by United States Postal Service ("USPS") employee Janice Walker ("Walker").  Preny alleges that he entered a Pittsburgh post office on April 19, 2003, where Walker rushed at him from behind the postal counter while plaintiff was trying to get a date stamp, grabbed his right hand and arm and attempted to pull him over the counter while "twisting, yanking, and manipulating [his arm] brutally."  Preny alleges that this attack continued for several minutes, causing him severe pain, mental anguish, and permanent injuries, and that Walker's attack occurred within the scope of her employment.  Preny claims that defendant is liable to him for injuries resulting from Walker's negligence and the USPS's negligent supervision and training.

Defendants have filed a motion to dismiss plaintiff's amended complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this Court lacks subject matter jurisdiction because, pursuant to the Federal Torts Claim Act ("FTCA"), Preny has failed to state a claim upon which relief can be granted.

For the reasons set forth below, this Court agrees that plaintiff has failed to state a proper legal claim and hereby grants defendant's motion to dismiss with prejudice.

## II.   <u>Standard of Review</u>

A Fed. R. Civ. P. 12(b)(1) motion to dismiss asserts that the Court in which a complaint was filed "lack[s] . . . jurisdiction over the subject matter" of the complaint.  Two types of attack – facial and factual – can be made pursuant to a 12(b)(1) motion.  When defendants attack a complaint on its face, they "assert that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of plaintiffs, the allegations of the complaint are insufficient to establish a federal cause of action."  *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001).  *See Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977).

Alternatively, when a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortenson*, 594 F.2d at 891.  *See Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).  In 12(b)(1) motions, the burden of proof is on the plaintiff to show that jurisdiction exists.  *Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 649 (E.D. Pa. 2001), *citing Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974).  Here, defendants attack the Court's jurisdiction on the face of the complaint.

When the Court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote.  The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all

well-pleaded factual allegations taken as true, the complaint states any valid claim for relief.  In this regard, the Court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory she advances.  Rather, the Court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 337 & n.40 (2d ed. 1999).  *See also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.  **Discussion**

Preny alleges that the United States is liable to him for the tortious conduct of Janice Walker because it failed to properly supervise and train her.  The complaint reveals that plaintiff's allegations concerning Walker embrace assault and battery claims.  Absent Walker's intentional torts, Preny would not have a claim against the United States.  For that reason, even assuming that all of Preny's factual allegations are true, he does not and cannot maintain a cause of action against the United States by inserting the negligent supervision allegation.

Because it enjoys sovereign immunity, the United States is shielded from suit unless it consents to be sued, thereby waiving its immunity.  *Lehman v. Nakshian* 453 U.S. 145, 160 (1981) (citing *United States v. Testan*, 392, 399 (1976)); *Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999).  Such a waiver may not be implied or assumed but must be "unequivocally expressed in statutory text," *Lane v. Pena,* 518 U.S. 187, 192 (1996), and a court may not exceed the scope of the jurisdiction specifically granted by such statute.  *See Lehman*, 453 U.S. at 160.

The action before this Court is governed by the FTCA.  Under that statute, the United States has consented to being sued for injuries resulting from torts and wrongful conduct of its

3

agencies and employees to the extent that individual defendants would be so liable. 28 U.S.C. § 2674.  Preny relies upon this statutory waiver to support his claim.  However, the statute also specifically excludes the United States for liability from a variety of torts, including assault and battery, unless committed by an investigative officer. § 2680(h).  As defined, "investigative law enforcement officer" means one who is empowered by law to execute searches, seize evidence, or make arrests for violations of Federal law. *Id.*  Defendant USPS clearly does not fit that description, *see e.g., Matsko v. United States*, 372 F.3d 556, 560 (3d Cir. 2004), and thus is immune from suit for the alleged assault and battery committed by its employee against Preny.

Thus, because Janice Walker is not an "investigative officer" within the meaning of the FTCA, and because the FTCA otherwise specifies that the United States retains immunity where assault and battery are alleged against its agencies and employees, the factual allegations set forth in Preny's complaint fail to state a claim upon which relief can be granted.

Plaintiff has attempted to avoid this result by including his negligent supervision and training claim in the amended complaint.  This strategy is unavailing, however.[1]  The United States Supreme Court has clarified that Section 2680(h) applies more broadly than Preny would have this Court conclude.  According to *United States v. Shearer*, 473 U.S. 52, 55 (1985) (plurality opinion), that provision does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *Id.* (Emphasis in original).

In *Shearer*, plaintiff brought a claim under the FTCA alleging that the kidnaping and

---

[1] In his first complaint, Preny included only the assault and battery allegations and asserted that the United States Postal Service was liable for her actions because they were done within the scope of her employment.  Preny amended his complaint to substitute the United States as the defendant and to allege negligent supervision and training of Walker as the cause of his injuries.

4

murder of her son resulted from the Army's negligence in failing to supervise one of its privates and warn others of his dangerousness after he was released from prison following a manslaughter conviction. *Id.* at 53-54. The plurality rejected plaintiff's contentions as it stated: "We read [§ 2680(h)] to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee,". *Id.* at 55. "Thus," the Court concluded that, "'the express words of the statute' bar respondent's claim against the Government, *id.* (quoting *United States v. Seplar*, 338 U.S. 217, 219 (1949), and "[plaintiff] cannot avoid [this result] by framing her complaint in terms of negligent failure to prevent the assault and battery." 473 U.S. at 55.[2]

The Court in *Shearer* further expounded that the legislative history of the statute revealed that Congress' intention was to shield the United States from all suits arising from factual situations involving deliberate attacks by Government employees. *Id.* The circuit courts have since followed *Shearer's* lead and denied liability under the FTCA for mixed negligent and intentional conduct claims. *See e.g., Guccione v. United States*, 847 F.2d 1031 (2d Cir.1988) (a claim that the United States was liable for negligently supervising an FBI agent who defamed and interfered with the business activities of the defendant); *Thigpen v. United States*, 800 F.2d 393 (4th Cir.1986) (negligent supervision claim of a Navy serviceman found guilty of assault and battery of a sexual nature); *Satterfield v. United States*, 788 F.3d 395 (6th Cir. 1986) (claim against Army for negligent enlistment and supervision of a serviceman who later assaulted and beat to death a fellow enlistee); *Garcia v. United States*, 776 F.2d 116 (5th Cir. 1985) (sexual

---

[2] *Shearer* reversed *Shearer v. United States*, 723 F.3d 1102 (3d Cir. 1983), which indicated that a claim such as plaintiff's could be entertained provided that the plaintiff pleaded facts sufficient to demonstrate that the government should have reasonably anticipated that the tortious employee would commit an intentional tort.

advances by Army recruiter against potential recruit).[3]

   *Shearer* is dispositive in this case.  Preny's action arises only because USPS employee Janice Walker committed the intentional torts of assault and battery against his person.  Like the plaintiff in *Shearer*, Preny cannot change the result that his claims are excluded by the FTCA by attempting to transform them into a negligent supervision action.

   The foregoing discussion makes it clear, then, that because the United States has retained immunity against suit for assaults and batteries committed by its agencies and employees, thereby divesting courts of the jurisdiction to hear such claims, *see Lehman*, 453 U.S. at 160, defendant's 12(b)(1) motion, asserting lack of subject matter jurisdiction, shall be granted.  Moreover, the legal hurdle of the FTCA makes it impossible under this factual scenario for plaintiff to assert a claim upon which relief can be granted, and thus the Court would also grant defendant's motion to dismiss under 12(b)(6).

   Accordingly, defendant's motion to dismiss will be GRANTED.

   An appropriate order follows.


                                             s/Arthur J. Schwab
                                             Arthur J. Schwab
                                             United States District Judge


Sidney Preny
Post Office Box 32
Pittsburgh, PA 15230

---

   [3]   We note that the Court of Appeals for the Ninth Circuit has expressly declined to follow *Shearer* and concluded that while § 2680(h) shielded the United States from *respondeat superior* liability, it did not protect against liability for its own negligence in supervising its employees. *See e.g., Morrill v. United States*, 821 F.2d 1426 (9th Cir. 1987).

Lee J. Karl, Esquire
United States Attorney's Office
700 Grant Street
Suite 400
Pittsburgh, PA 15219